**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**GREGORIO ROMAN-PORTALATIN,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

Civil No. 12-1687(DRD)

<u>**OPINION AND ORDER**</u>

Pending before the Court are: Petitioner Gregorio Roman-Portalatin's ("Petitioner" or "Roman") *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1) pursuant to 28 U.S.C. § 2255; Petitioner's *Motion to Supplement Pending Motion Made Pursuant to 28 U.S.C. § 2255* (Docket No. 3); United States' *Response to Petitioner's Motion Under 28 U.S.C. § 2255* (Docket No. 9); Petitioner's *Reply* (Docket No. 15); Magistrate Judge's *Report and Recommendation* (Docket No. 16); and Petitioner's *Objection to Report and Recommendation* (Docket No. 17).

For the reasons elucidated below, the Court hereby **ADOPTS IN TOTO** the Magistrate Judge's *Report and Recommendation* (Docket No. 16) and **DENIES** Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1).

## I. REFERRAL TO THE MAGISTRATE JUDGE

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28

U.S.C. §636(b)(1)(B).  *See* FED. R. CIV. P. 72(b); *see also* Local Rule 72(a); *Matthews v. Weber*, 423 U.S. 261, 96 S.Ct. 549 (1976).  An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections.  FED. R. CIV. P. 72(b).  Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written
> objections to such proposed findings and
> recommendations as provided by rules of court.
> A judge of the court shall make a *de novo*
> determination of those portions of the report
> or specified proposed findings or
> recommendations to which objection is made.  A
> judge of the court may accept, reject, or
> modify, in whole or in part, the findings or
> recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation."  *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985).  Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal."  *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992); *see Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are

2

specified"); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's *Report and Recommendation*, need only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras-Cartagena v. United States*, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *see also Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

In the instant case, Petitioner filed objections to certain portions of the Magistrate Judge's *Report and Recommendation*. Thus, the Court reviews the portions of the *Report and*

*Recommendation* to which objections were made *de novo* and reviews all other unobjected-to portions only for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to *Factual and Procedural Background* section of the Magistrate Judge's *Report and Recommendation*. Thus, rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, noting particularly that they remain unchallenged.

## II.   ANALYSIS

Petitioner's arguments in support of his motion to vacate are two-fold. First, Petitioner avers that the District Court erred at sentencing when it applied a two-level enhancement for the use of a computer to solicit sexually explicit conduct from a minor. Under the same token, Petitioner claims that trial counsel provided ineffective assistance of counsel when it failed to object to the two-level enhancement. Second, Petitioner argues that his plea agreement must be set aside, as the same was not entered into knowingly and voluntarily. Petitioner now posits that he did not possess the requisite mental capacity to enter into a plea agreement and, hence, seeks to have the plea agreement vacated.

### A. Two-Level Enhancement

Petitioner's first contention, that the Court erred in imposing a two-level enhancement based on his use of a computer and that counsel failed to adequately object to the enhancement, is

4

precluded from consideration as a result of the First Circuit holding in *United States v. Roman-Portalatin*, 476 F. App'x 868 (1st Cir. 2012). Therein, the First Circuit concluded that there was a typographical error in the Presentence Investigation Report, but that said error was harmless, as the Sentencing Guidelines advanced by the U.S. Probation Office were correct. Hence, the First Circuit determined that a two-level enhancement was appropriate given the facts of the instant case as recited in the plea agreement. Additionally, the First Circuit explained that the District Court did not take the two-level enhancement under consideration in sentencing the Petitioner, thereby negating the possibility of harm caused to the Petitioner.

The First Circuit also dismissed Petitioner's ineffective assistance of counsel appeal, indicating that "[t]he most that counsel might have done here would have resulted in substituting '(i)' for '(ii)' in a corrected presentence report." *Id.* at 870.

District courts are precluded from reviewing claims raised in §2255 motions if those claims were decided on direct appeal. *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir. 1990); *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967). Accordingly, the Court agrees with Magistrate Judge Arenas' recommendation that Petitioner's motion pertaining to the two-level enhancement must be **DENIED**.

### B.  Mental Competency: Withdrawal of Plea Agreement

Petitioner next argues that his plea was not knowing and voluntary in violation of the Due Process Clause of the U.S. Constitution.  He claims to have suffered from psychological issues, mainly severe depression aggravated by his arrest and confinement at the Metropolitan Detention Center in Guaynabo, Puerto Rico.

It is well settled that a guilty plea must be entered into by the defendant knowingly and voluntarily in order to satisfy the constitutional strictures of due process.  *McCarthy v. United States*, 394 U.S. 459, 466 (1969).  "Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts."  *Id.*  Hence, due process mandates that a criminal defendant be competent to stand trial or plead guilty.  *See Pate v. Robinson*, 383 U.S. 375, 385 (1966).  A defendant is deemed competent when he has "sufficient present ability to consult with his lawyer with reasonable degree of rational understanding and has a rational as well as factual understanding of the proceedings against him." *Godinez v. Moran*, 509 U.S. 389, 396 (1993)(internal citations and quotations omitted); *see Drope v. Missouri*, 420 U.S. 162, 171 (1975)("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings

against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.").[1]

Courts have routinely held that medications can, in some circumstances, hinder a defendant's mental state to the extent that the defendant lacks the capacity to enter a voluntary plea. *See United States v. Savinon-Acosta*, 232 F.3d 265 (1st Cir. 2000). Thus, when a defendant confirms that he is currently taking medication during a change of plea hearing, the district court has a duty to inquire further into a defendant's capacity to voluntarily enter a guilty plea. *See Miranda-Gonzalez v. United States*, 181 F.3d 164, 166 (1st Cir. 1999); *United States v. Parra-Ibanez*, 936 F.2d 588, 595-96 (1st Cir. 1991). The critical question is whether the medication has impaired the defendant's ability to plead guilty. *Savinon-Acosta*, 232 F.3d at 268 (citing *Miranda-Gonzalez*, 181 F.3d at 166).

In situations where a defendant confirms he is taking medication, "[t]he better practice would be to identify which drugs a defendant is taking, how recently they have been taken and in what quantity, and (so far as possible) the purpose and consequences of the drugs in question." *Id*. Nevertheless, a district court can make practical judgments regarding a defendant's mental capacity in situations where a defendant and his counsel provide assurances "that the defendant's mind is clear." *Id*. at

---

[1] The competency standard for pleading guilty is the same as the competency standard for standing trial. *See Doginez*, 509 U.S. at 391.

269 (citing *Miranda-Gonzalez,* 181 F.3d at 166-67; *United States v. Vaughan,* 13 F.3d 1186, 1187 (8th Cir. 1994), *cert. denied,* 511 U.S. 1094, 114 S.Ct. 1858, 128 L.Ed.2d 481 (1994)).   A defendant's assurances may either be confirmed or contradicted based on his performance during the course of a colloquy.   *Id*.

In the case at bar, the Court agrees with Magistrate Judge Arenas' determination that Petitioner's own conduct and "statements during the plea colloquy confirmed his own assurances as to voluntariness and knowledge, and the prior medical history, while possibly giving case to pause, contributed little else."   Docket No. 16, at 28-29.   A brief recitation of what transpired during the change of plea hearing puts to rest Petitioner's assertion.

During the change of plea hearing, the Petitioner indicated that he had been under psychiatric care prior to his arrest and was currently taking medication for his condition.   *See* Criminal Case No. 09-351 (DRD), Docket No. 81 at 5-6.   When questioned about his current physical and mental state the Petitioner replied:

> Some of the medication that I have been prescribed . . . at MDC, there is substitutes of what I was taking when I was out there in the street.   They have caused dizziness. Continuous diarrhea, incontinency.   And it sort of has affected my memory.   I might do something in the morning and, for example, hours later, at six or seven hours later I have to ask if the medication was administered to me or not.   But at the present time I am aware of everything that is going on.

*Id*. at 6.   The Court then stated: "All right. So are you sure?" *Id*. at 7.   Defendant response was: "Yes, Your Honor."   *Id*.   The Court went on to assert that:

> To me, you look like, up to now, that you are alert. You are answering the questions that I am asking you. They are not, 'yes' or 'no' answers. They are answers that require your mind to understand the question and then to produce an answer. And the answer that you are producing is directly related to the question.

*Id*. When asked if he was making a correct decision in pleading guilty, the Petitioner stated "I think so, even though the sentence could be longer than what I really expected. But the law is the law and if I committed a mistake I have to pay for it too." *Id*. at 11. The Petitioner then confirmed that he understood the plea agreement, that he had met with counsel eight times to discuss the possibility of entering a plea, and that the plea agreement had been fully translated to him. The Court noted, "I think you are understanding each question and expressing and answering directly related to the question asked." *Id*. at 29.

These statements, coupled with the Petitioner's lucid and comprehensive demeanor during the change of plea hearing, allowed the Court to confirm Petitioner's assurances that he was competent at the time of the hearing. Petitioner would lead us to believe that a mental competency evaluation should have been ordered, but, as Magistrate Judge Arenas explained, his argument is misplaced.

> A court must order a competency hearing on motion from either the defense or the government, or *sua sponte*, 'if there is *reasonable cause* to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.' 18 U.S.C. § 4241 (emphasis added).

9

United States v. Ahrendt, 560 F.3d 69, 74 (1st Cir. 2009). In the instant case, neither the Petitioner nor the United States requested a competency evaluation, and the Petitioner cannot reasonably assert that the Court had reasonable cause to believe that he was suffering from a mental defect or disease rendering him mentally incompetent to plead guilty. Magistrate Arenas explained it best when he emphasized that

> [a] review of the change of plea transcript and sentencing hearing transcripts, as well as other information in the record does not reveal that the court had reasonable cause to hold a mental competency hearing *sua sponte*. Defense counsel, clearly over an abundance of caution, sought a comprehensive mental examination of petitioner prior to sentencing, the results of which did not reflect mental incompetency. During the change of plea colloquy, defense counsel assured the court that the defendant was aware of the nature of the proceedings. Courts are allowed to rely on the representations of defendants as well as their attorneys, in making determinations of voluntariness and knowledge. *See Figueroa-Vazquez v. United States*, 718 F.2d 511, 512-13 (1st Cir. 1983).

Docket No. 16, at 23. Accordingly, the Court agrees with Magistrate Judge Arenas' recommendation that Petitioner's motion pertaining to the withdrawal of his guilty plea must be **DENIED**.[2]

---

[2] Petitioner's undeveloped assertion that Attorney Yasmin A. Irizarry's representation fell below an objective standard of reasonableness for failing to request a competency hearing is meritless, as the record indicates that she sought two mental evaluations of the Petitioner before sentencing, the results of which indicated that Petitioner was competent to stand trial. *See* Docket No. 66 at 6-7; *Strickland v. Washington*, 466 U.S. 668 (1984)(Under the *Strickland* test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.).

Additionally, Petitioner's claim that the Presentence Investigation Report contained fatal flaws is unavailing, as the record demonstrates that the Court did not take these issues under advisement at sentencing. Hence, any potential mistake was harmless.

### III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 16) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE**. Accordingly, Petitioner's *Motion to Vacate* (Docket No. 1) is hereby **DENIED**.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c)(3).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of July, 2015.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE